UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY L. HOWZE,<br>    Plaintiff,<br>    v.<br>J. FRISK,<br>    Defendant. | Case No. 23-cv-00125-RS (PR)<br><br>**ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED** |

Plaintiff is ordered to show cause on or before **October 2, 2023** why 28 U.S.C. § 1915(g) does not bar pauper status for him.  **If plaintiff fails to show cause or pay the full filing fee of $402.00 by that date, this federal civil rights action will be dismissed.**

Plaintiff, a state prisoner and frequent litigant in federal court, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915.  Plaintiff may not be entitled to proceed IFP — he has at least three prior suits that qualify as strikes under the statute and his allegations of imminent danger are insufficient.

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Relying on the statute's command that "*in no event*" may such a prisoner proceed, the Ninth Circuit explained that this bar is triggered by a prisoner's history of filing frivolous litigation

rather than by the merits of the current action. *See ElShaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original). "[T]he position of the imminent danger clause as an exception to the rule that three-strikes prisoners '[i]n no event shall' be permitted to proceed IFP indicates that Congress intended this clause to apply narrowly." *Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022).

Under the law of the circuit, plaintiff must be afforded an opportunity to persuade the court that § 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the court to raise sua sponte the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, plaintiff has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or that they fail to state a claim upon which relief may be granted:

**(1)** *Howze v. CDCR*, No. 2:14-cv-04067-SVW-RAO (C.D. Cal. Aug. 1, 2018) (suit dismissed for failure to state a claim);

**(2)** *Howze v. Mela*, No. 2:13-cv-01610-UA-RZ (C.D. Cal. Mar. 19, 2013) (suit dismissed and IFP application denied because the action was frivolous, malicious, or it failed to state a claim for relief; dismissal order noted that this case can constitute a strike under *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008));

**(3)** *Howze v. Vela*, No. 2:13-cv-04422-UA-RZ (C.D. Cal. Jul. 15, 2013) (suit dismissed and IFP application denied because the action was frivolous, malicious, or it

failed to state a claim for relief; dismissal order noted that this case can constitute a strike under *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008));

**(4)** *Howze v. Vela*, No. 13-56197 (9th Cir. 2013) (Ninth Circuit found the appeal frivolous, denied the motion to proceed IFP, and dismissed after plaintiff failed to pay the filing fee. Such dismissals counts as strikes. *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015)).

Plaintiff seeks to proceed under the imminent danger exception. (IFP Motion, Dkt. No. 4 at 4.) He alleges that his need to use catheters to urinate is a disability and that the prison's failure to accommodate this (by giving him a cell to himself and taking other measures) placed him under imminent physical danger at the time his complaint was filed. (*Id.*) Plaintiff's § 1983 claims are that (i) from October 17, 2017 to May 20, 2018 and from July 21, 2019 to October 11, 2019, he was exposed to high-volume sound coming from a TV, which caused him to require psychotherapy and prevented him from participating in the cell study program; and (ii) from October 9, 2019 to November 1, 2019, he was without catheter supplies. (Am. Compl., Pl.'s Decl., Dkt. No. 5 at 8-9.)

"[T]he imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's complaint." *Ray*, 31 F.4th at 695. The factors to be considered under the "nexus test" are (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. *Id.* at 701. "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id.* Without the nexus requirement "an indigent prisoner with a history of filing frivolous complaints could, by merely alleging an imminent danger, file an unlimited number of lawsuits, paying no filing fee, for anything from breach of a consumer warranty to antitrust conspiracy." *Id.* at 700 (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)).

Here, there is no nexus between plaintiff's imminent danger allegation and the unlawful conduct alleged in the complaint. Plaintiff's section 1983 action was filed in 2023 and the allegedly unlawful conduct occurred years before, between 2017 and 2019. He cannot have been under imminent danger in 2023 because of acts that occurred well before then. Also, an outcome favorable to plaintiff would not redress that imminent injury because such an outcome would compensate for past, not current, injuries.

In light of dismissals listed above, and because plaintiff's allegations of imminent danger are insufficient, the Court now orders plaintiff to show cause why IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). Plaintiff's response to this order to show cause is due no later than **October 2, 2023**. The response must be labelled clearly as RESPONSE TO ORDER TO SHOW CAUSE. In the alternative to showing cause why this action should not be dismissed, plaintiff may avoid dismissal by paying the full filing fee of $402.00 by the deadline. **Failure to file an appropriate response, or pay the full filing fee of $402.00, on or before October 2, 2023, will result in the dismissal of this action without prejudice to plaintiff bringing his claims in a new paid complaint.** The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** August 23, 2023

_____
RICHARD SEEBORG
Chief United States District Judge